[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CROSS MOTIONS FOR SUMMARY JUDGMENT
The plaintiff brought this action seeking a declaratory judgment. The plaintiff and the defendant were parties (along with others) to a stipulated agreement in a personal injury suit which apportioned liability and payment. Under the agreement, Covenant paid $100,000.00, and the defendant paid $325,000.00 toward a settlement of $550,000.00. Covenant reserved its right to seek reapportionment and reimbursement from Lumbermens because it believes the two policies are repugnant in their terms, and a pro rata distribution based on liability limits is in order. CT Page 5821
The matter is appropriate for summary judgment.
The relevant portion of Covenant's automobile insurance policy states:
 If there is no other applicable liability insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.
The relevant portion of Lumbermens' personal catastrophe policy provides:
 If a covered person has other collectible insurance that covers damages this policy also covers, this policy shall be excess to and will not contribute with such other insurance, whether such insurance is stated to be primary, contributing, excess or contingent.
Plaintiff argues that the two policies are repugnant, and that a pro rata distribution based on the liability limits of the policies is in order. Lumbermens contends that because its policy is a true excess policy while Covenant's policy is a primary coverage policy which becomes an excess policy only in the event that the named insured is not the owner of the vehicle involved, the policies are not repugnant and there should not be proportional liability.
Covenant argues that Continental Casualty Company v. Aetna,823 F.2d 708 (2nd Cir. 1987), supports the conclusion that a pro rata distribution based on policy liability limits is appropriate.
In Continental Casualty Co., supra, 710, the two policies at issue were both excess/umbrella policies. The court determined in that case that conflicting "other insurance" clauses were repugnant and that based on the holding in Sacharko v. Center Equities Ltd. Partnership, 2 Conn. App. 439, 479 A.2d 1219 (1984), liability would be prorated based on the total policy limits. Continental Casualty Co., supra, 712.
In the instant case, Covenant's policy provides for excess coverage only in the event that insurance is provided by Covenant for a vehicle not owned by the policyholder. The policy is essentially a primary coverage policy because it provides that Covenant's liability attach immediately upon the happening of a CT Page 5822 covered occurrence. On the other hand, Lumbermens' policy is an umbrella/catastrophe policy which provides excess coverage only after all underlying insurance has been exhausted.
Connecticut courts have not addressed the issue of whether "other insurance" clauses contained in umbrella and primary coverage policies are repugnant. The issue has been addressed in several jurisdictions, the majority of which holding that these clauses are not repugnant. See 67 ALR 4th 2[a], pp. 17-18; 8A J. Appleman J. Appleman, Insurance Law Practice thereinafter "Insurance Law Practice"), 4909.85, pp. 453-54 (collecting cases); 16 G. Couch, Couch On Insurance (2d Ed. 1961), 62:69, p. 525 (collecting cases). In several state and federal cases which adopt the majority position, courts have reasoned that because umbrella policies are regarded as true excess insurance, liability should be imposed only after primary coverage policies, including those with excess provisions, have been exhausted. 67 ALR 4th 5[a], pp. 21-27 (collecting cases). The majority rule is set forth in United States Fire Insurance Co. v. Maryland Casualty Co., 52 Md. App. 269, 447 A.2d 896, 902 (1982), where the court stated:
 It seems clear to us that the overwhelming weight of authority is that where purported conflicts between a policy providing essentially primary coverage is made excess by the involvement of a non-owned vehicle and a policy providing umbrella or catastrophe policy are in conflict, the courts have held that the umbrella policy need contribute only after the primary and ordinary excess coverages as `other collectible insurance' in the meaning of the other insurance clause of the umbrella policy are exhausted.
Lumbermens' policy is designed to provide excess coverage over and above underlying insurance maintained by Peck, its insured. Lumbermens' policy specifically provides that such underlying insurance shall include automobile liability coverage. Lumbermens' policy is a classic umbrella policy and cannot provide primary coverage for claims involving automobile liability. See generally, Allstate Insurance Co. v. American Hardware Mut. Ins. Co., 865 F.2d 592, 594 (4th Cir. 1989).
In contrast, Covenant's policy is essentially a primary coverage automobile policy. The policy creates an exception to primary coverage only if the insured does not own the automobile involved in the accident. Nevertheless, the nature of the coverage provided is essentially primary. United States Fire Insurance Co., supra, 902. Because Covenant's policy is in most CT Page 5823 instances a primary policy, its policy limits were properly exhausted before Lumbermens' policy was triggered.
The plaintiff's motion for summary judgment is denied. The defendant's motion for summary judgment is granted.
Elaine Gordon, Judge